By the Court.—Truax, J.
It is not necessary for us to determine in this case whether the defendants had or had not a general lien for advances to plaintiff on the particular goods that are the subject of controversy in this action. It is well settled that a factor must obey the instructions of his principal as to the sale of the goods consigned to him, although he has made advances, unless the principal, after reasonable notice, fail to pay such advances'(Hilton v. Vanderbilt, 82 N. Y. 591; Manfield v. Goodhue, 3 Ib. 62). The evidence shows that plaintiff consigned certain goods to defendants to be sold by them at a certain price, and that the defendants sold them under that price. It is true that one of the defendants, Field, testified that he sold the goods below the price limited, because the plaintiff told him to sell them at auction for what they would bring, but this evidence was contradicted by plaintiff, and the disputed question of fact was not submitted to the jury. ' By not requesting the court to submit this question to the jury, and by not excepting to the charge of the court that there was no general balance due from .plaintiff to defendants, the defendants admitted that there was no general balance due from plaintiff to defendants, and if there was no such balance due them, they could have no lien on the goods mentioned in the complaint. -
Therefore, it was their duty to deliver the goods to plaintiff on demand.
The judgment and order appealed from are affirmed, with costs.
O’Gorhan, J., concurred ; Sedgwick, Oh, J., agreed to affirm.